[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13623

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRIAN JOINS,
JOSHUA WEBB,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:20-cr-00033-MW-MJF-1

_____

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, Circuit Judge, and PROCTOR,* District Judge.

PER CURIAM:

After a four-day trial, a jury convicted defendants Joshua Webb and Brian Joins of conspiracy to distribute and to possess with intent to distribute 500 grams or more of methamphetamine, as well as the substantive offense of possession with intent to distribute the drugs, based on approximately two kilograms of methamphetamine discovered when law enforcement officers searched a mobile home and a car parked outside it. In addition, the jury convicted Webb of being a felon in possession of a firearm and possession with intent to distribute methamphetamine based on evidence recovered in a later search of a different residence. On appeal, Webb and Joins challenge their convictions on several grounds. Webb argues that the district court erred in denying his motion to suppress evidence found in the search of the car. He also maintains that there was insufficient evidence to support his felon-in-possession-of-a-firearm conviction. For his part, Joins challenges one of the district court's evidentiary rulings at trial and contends that there was insufficient evidence to support his convictions. After careful consideration of the parties' briefs and the record, and with the benefit of oral argument, we find the defendants' arguments unavailing. We thus affirm.

---

* Honorable R. David Proctor, United States District Judge for the Northern District of Alabama, sitting by designation.

Only one issue—Webb's challenge to the district court's denial of the motion to suppress—merits further discussion. As we explain below, the district court did not err in denying the motion. Even if the officers performed a warrantless search of the car, no Fourth Amendment violation occurred because the search was justified by the automobile exception to the Fourth Amendment's warrant requirement.

## I. BACKGROUND

Federal and Florida-state law enforcement received a tip from a confidential informant that Joins was distributing methamphetamine from a mobile home on Sherman Avenue in Panama City, Florida.[1] Based on this tip, law enforcement officers obtained a warrant to search the mobile home. The search warrant authorized the officers to "enter the [mobile home] premises and the curtilage thereof and any vehicles parked thereon . . . and then and there to search diligently for the property described in this warrant." Doc. 22-1 at 1.[2]

Officers went to the Sherman Avenue residence to execute the search warrant. When they arrived at the mobile home, they saw two men, later identified as Joins and Webb, standing outside trying to jump-start a motorcycle using cables connected to a silver

---

[1] Because we write for the parties, we include only what is necessary to explain our decision. We limit our recitation of the facts to those pertinent to Webb's challenge to the denial of his motion to suppress.

[2] "Doc." numbers refer to the district court's docket entries.

Nissan sedan. The officers detained the two men as they began the search. Inside the mobile home, the officers encountered two people: Randall Grant, who was just inside the front door, and Amanda Grant, who was in one of the bedrooms. The officers observed drugs and drug paraphernalia in rooms throughout the mobile home.

During the search, the officers found a bag on the residence's front step. Inside the bag, they found a shoebox holding a large Ziploc bag filled with a substance that looked like methamphetamine.

The officers also searched the silver Nissan. Inside the Nissan, they found a camouflage bag containing a large Ziploc bag with a substance inside that appeared to be methamphetamine. Field testing confirmed that the bag contained methamphetamine, and lab testing later revealed that each Ziploc bag contained approximately one kilogram of methamphetamine.

In the criminal case, Webb moved to suppress the evidence found inside the Nissan.[3] He argued that the search of the car exceeded the warrant's scope because the car was not parked within the mobile home's curtilage.

At a hearing on the motion to suppress, the government introduced testimony from two of the officers who executed the search: A.C. Llorens, an agent for the Bureau of Alcohol, Tobacco,

---

[3] Joins did not move to suppress the evidence discovered in the car.

Firearms and Explosives (ATF), and Bay County Sheriff's Office Sergeant Steven Cook.

The officers testified about their execution of the search warrant. They arrived at the mobile home around 10:00 p.m. and saw two men outside trying to jump-start a motorcycle using cables running from a silver Nissan sedan to the motorcycle. The officers first set out to "clear" and "secure" the mobile home. Doc. 187 at 20. Once inside, they found "user amounts" of methamphetamine. *Id.* at 22. The officers encountered Randall and Amanda Grant inside. Randall told Cook that Joins and Webb came to the mobile home in the silver Nissan parked outside and that Joins brought with him a bag that was sitting on the mobile home's front step.

The officers testified that after they had cleared the mobile home, they retrieved the bag from the front step and found a Nike shoebox inside the bag. Inside the shoebox they found a Ziploc bag filled with a "large" amount of a substance that looked like methamphetamine. *Id.* at 20.

At the hearing, Webb disputed the officers' narrative of the search. He maintained that the officers searched the Nissan before they searched the mobile home or spoke with Randall, and therefore the officers did not have probable cause to search the car. To support his position, Webb pointed to written materials that Cook had prepared during the investigation—including affidavits supporting arrest warrants for Joins, Webb, and Amanda. In the affidavits, Cook described the sequence of events such that the officers found the methamphetamine in the Nissan *before* they found the

shoebox with drugs on the front step. But the government rebutted Webb's timeline by pointing out that Cook had prepared other materials that were consistent with the government's narrative—including the official investigative report in which he represented that before the officers searched the Nissan they secured the mobile home, interviewed Randall, and found the methamphetamine on the front step.

The district court issued an order denying the suppression motion. The court agreed with Webb that the Nissan was not within the mobile home's curtilage; thus, the search of it exceeded the scope of the warrant.

The district court concluded that the evidence was nevertheless admissible, however, because the search was justified by the automobile exception to the Fourth Amendment's warrant requirement. To support its conclusion, the court found that the Nissan was an operational, readily-mobile vehicle, which satisfied the automobile exception's first prong. Turning to the exception's second prong—whether the officers had probable cause before they searched the Nissan, the district court acknowledged that Webb had raised an important factual issue because "[t]here [was] no question that the officers' various reports contain[ed] inconsistent descriptions of the order of events." Doc. 115 at 13. But, after considering the evidence, including Llorens's and Cook's hearing testimony that the officers found the drugs and paraphernalia inside the mobile home and the shoebox of drugs on the front step "prior" to searching the Nissan, Doc. 187 at 22, the court "accept[ed]" the

government's proffered timeline as the "only . . . version" of events that "ma[de] sense." Doc. 115 at 13.

Based on the officers' sequence of events, the district court found that it was "much more likely that the police secured the mobile home before searching the Nissan, and thus likely found the shoebox first." *Id.* Therefore, the court concluded, the officers had probable cause to believe there was contraband or evidence of drug trafficking in the Nissan. Having determined that both prongs were satisfied, the court concluded that the automobile exception justified the search and denied the motion.

After the district court denied the motion to suppress, the case proceeded to trial. At trial, the government introduced evidence recovered from the Nissan, and the jury convicted Webb (and Joins) of the charged drug offenses, including conspiracy to distribute or possess, and possession with intent to distribute, 500 grams or more of methamphetamine.

This appeal followed.

## II. STANDARD OF REVIEW

"This court reviews a district court's order denying a motion to suppress evidence under a mixed standard, reviewing the court's findings of fact for clear error and the application of law to those facts de novo, construing the facts in the light most favorable to the prevailing party below." *United States v. Pierre*, 825 F.3d 1183, 1191 (11th Cir. 2016).

"A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007) (internal quotation marks omitted). We have explained that under this standard, "[a]t a minimum, there must be substantial evidence" to support a finding. *United States v. Ellisor*, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008); *see Robertson*, 493 F.3d at 1330 (explaining that a factual finding is clearly erroneous when it is not "supported by substantial evidence").

## III. DISCUSSION

On appeal, Webb argues the district court erred in denying his motion to suppress the evidence found in the Nissan parked outside of the Sherman Avenue mobile home. We disagree. The district court did not err in denying the motion to suppress because, even if the search of the Nissan was warrantless, the automobile exception justified the search.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no [w]arrants shall issue, but upon probable cause." U.S. Const. amend. IV. The prohibition on "unreasonable" searches and seizures "generally requires the obtaining of a judicial warrant." *Riley v. California*, 573 U.S. 373, 382 (2014). "But not always: The warrant requirement is subject to certain exceptions." *Lange v. California*, 141 S. Ct. 2011, 2017 (2021) (internal quotation marks omitted).

One such exception is the automobile exception. A warrantless search of an automobile is constitutional when (1) the vehicle is "readily mobile," and (2) there is "probable cause to believe that it contains contraband or evidence of a crime." *United States v. Lanzon*, 639 F.3d 1293, 1299–1300 (11th Cir. 2011). The first prong is satisfied if the vehicle is operational. *United States v. Lindsey*, 482 F.3d 1285, 1293 (11th Cir. 2007). And as to the second prong, an officer has probable cause to search a vehicle when "the facts, considering the totality of the circumstances and viewed from the perspective of a reasonable officer, establish 'a probability or substantial chance of criminal activity.'" *Washington v. Howard*, 25 F.4th 891, 898 (11th Cir. 2022) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018)); *see California v. Acevedo*, 500 U.S. 565, 569–70 (1991) (explaining that if officers have probable cause to believe a car contains evidence of criminal activity, they may search every part of the car that may conceal this evidence).

Here, both prongs of the automobile exception were satisfied.[4] On the first prong, the district court's finding of fact that the Nissan was operational was not clearly erroneous. Indeed, Webb does not, nor could he, dispute that the car was operational and

---

[4] On appeal, the government argues that the district court's interpretation of the warrant to authorize searches of vehicles within the curtilage but not searches of vehicles on the premises was incorrect, and so the court erred when it concluded that the search was outside the warrant's scope. But we need not address the district court's interpretation of the warrant or its resulting legal conclusion to resolve Webb's appeal. Instead, we assume without deciding that the search of the Nissan was a warrantless search.

readily mobile when it was searched. After all, Joins and Webb drove the car to the Sherman Avenue mobile home on the night of the search.

As to the second prong, the officers had probable cause to believe that the Nissan contained contraband or evidence of drug trafficking. There was a factual dispute about whether the officers searched the Nissan before speaking with Randall and finding the drugs in the shoebox based on the information he provided. The district court resolved this factual dispute by finding that the officers first "secured the mobile home," where they "found the shoebox" on the doorstep, "before searching the Nissan." Doc. 115 at 13. Viewing the evidence in the light most favorable to the government, the district court's probable-cause finding was not clearly erroneous; it was supported by substantial evidence, including the hearing testimony from Llorens and Cook explaining that they found the shoebox before searching the Nissan. The evidence before the district court demonstrated that before searching the Nissan, the officers (1) saw Joins and Webb standing outside the vehicle near the mobile home, (2) discovered in a shoebox on the mobile home's front step a large amount of white powder that was field tested and confirmed to be methamphetamine, and (3) heard from Randall that Joins and Webb had come to the mobile home in the Nissan and arrived with the bag containing the shoebox of drugs. And given that the search warrant was specifically directed at finding evidence of drug-trafficking activity in the mobile home, the record established a substantial chance that the Nissan contained contraband or evidence of drug trafficking.

Accordingly, we conclude that the search was justified by the automobile exception to the warrant requirement. We therefore affirm the district court's denial of Webb's motion to suppress the methamphetamine evidence discovered in the vehicle.[5]

## IV. CONCLUSION

Finding no error, we **AFFIRM** the defendants' convictions.

**AFFIRMED.**

---

[5] The district court provided an alternative reason for denying the motion to suppress: that the officers' mistake in thinking the car was within the curtilage was objectively reasonable under the circumstances, and thus the evidence was admissible under the good-faith exception to the exclusionary rule established in *United States v. Leon*, 468 U.S. 897 (1984). Given our conclusion that the automobile exception justified the search, we do not address the district court's alternative ruling.